## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BASTIN TRUCK PARTS AND SERVICE d/b/a BASTIN TOWING; JOSEPH BASTIN; and PATRICIA BASTIN, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| EAST DEER TOWNSHIP, PENNSYLVANIA; ANTHONY TALIANI, JR., *Chairman of the East Deer Township Board of Commissioners*; ALLEGHENY VALLEY REGIONAL POLICE DEPARTMENT; MICHAEL NAVIGLIA, *Chief of Police*; CRAIG CUMMINGS, *Sergeant*; CHRISTINE VACCA, *Officer*; DALTON VANWHY, *Officer*; and JOSHUA WILLFORD, *Officer*, | ) ) ) Civil Action No. 24-1538 ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

### I.    INTRODUCTION

Plaintiffs, Bastin Truck Parts and Service d/b/a Bastin Towing ("Bastin Towing"), Joseph Bastin, and Patricia Bastin (collectively, "Plaintiffs"), bring this action alleging a claim of retaliation in violation of the First Amendment to the Constitution of the United States, pursuant to 42 U.S.C. § 1983, and a claim of tortious interference with contractual relations under Pennsylvania law.  Plaintiffs bring their claims against a number of Defendants, including:  East Deer Township, Pennsylvania ("East Deer" or the "Township") and Anthony Taliani, Jr., Chairman of the East Deer Township Board of Commissioners ("Mr. Taliani") (collectively, the "East Deer Defendants"); and the Allegheny Valley Regional Police Department (the "AVR PD"),

Michael Naviglia, AVR PD Chief ("Captain Naviglia"), and AVR PD police officers Craig Cummings ("Sergeant Cummings"), Christine Vacca ("Officer Vacca"), Dalton Vanwhy ("Officer Vanwhy"), and Joshua Willford ("Officer Willford") (collectively, the Officers and the AVR PD are referred to herein as the "Police Defendants").[1]

Presently before the Court are motions to dismiss Plaintiffs' Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, filed by the East Deer Defendants (Docket No. 13), and by the Police Defendants (Docket No. 15). After Plaintiffs failed to file any responses in opposition to Defendants' motions, the Court ordered Plaintiffs to show cause why those motions should not be granted and Plaintiffs' claims in this matter should not be dismissed with prejudice (Docket No. 19). In response to the Court's Show Cause Order, Plaintiffs filed a fourth Amended Complaint (Docket No. 20), which the Court struck, as Plaintiffs did not obtain the opposing parties' written consent or the Court's leave prior to filing such amended complaint as required by Federal Rule of Civil Procedure 15(a)(2). (Docket No. 21). The Court again ordered Plaintiffs to show cause why Defendants' motions should not be granted and Plaintiffs' claims in this matter should not be dismissed with prejudice (Docket No. 21), to which Plaintiffs filed a response opposing Defendants' motions to dismiss and, in the alternative, requesting the Court's permission to file another amended complaint (Docket No. 22). For the reasons set forth herein, Defendants' motions to dismiss will be granted.

---

[1]    Plaintiffs commenced this action in the Court of Common Pleas of Allegheny County, Pennsylvania, at Case No. GD-23-013810. (Docket No. 1 at 1). The case was timely removed to this Court, pursuant to the procedures authorized by 28 U.S.C. §1441(a), by the East Deer Defendants with the consent of the Police Defendants, based on this Court having original jurisdiction of Plaintiffs' Section 1983 claim pursuant to 28 U.S.C. §1331 and §1343 and supplemental jurisdiction of Plaintiffs' state claim pursuant to 28 U.S.C. § 1367. (Docket No. 1 at 2-3).

## II.  BACKGROUND

The Court will present an abbreviated version of the facts alleged in the Third Amended Complaint (the "TAC"), in the light most favorable to Plaintiffs, that are relevant to Defendants' motions.  (Docket No. 11).  As alleged in the TAC, Plaintiffs Joseph Bastin and Patricia Bastin, husband and wife, are the owners and operators of Plaintiff Bastin Towing, which provides and/or provided general, accident, and emergency vehicle towing services to private individuals and several local municipalities, including East Deer.  (*Id.* ¶¶ 1, 2).  East Deer is a Pennsylvania Township that is managed by its Elected Board of Township Commissioners, of which Defendant Mr. Taliani is a Member and President.  (*Id.* ¶¶ 3, 4).  On February 3, 2022, East Deer adopted an ordinance authorizing the Township to join Defendant AVR PD as a "participating member."  (*Id.* ¶ 6).  Effective January 13, 2022, Defendant Chief Naviglia was appointed Interim Chief for the Township of East Deer Police Department during its transition period to the AVR PD.  (*Id.* ¶ 5).  Defendants Sergeant Cummings, Officer Vacca, Officer Vanwhy, and Officer Willford are or were officers of the AVR PD at all relevant times.  (*Id.* ¶ 13).  Chief Naviglia is the current chief of the AVR PD, and Mr. Taliani is also an authorized representative of the AVR PD.  (*Id.* ¶¶ 4, 5).

Plaintiffs aver that Bastin Towing provided its vehicle towing services to East Deer "based on the publicly acknowledged long-standing contract and business agreement" of "more than ten years," under which East Deer utilized Bastin Towing (along with another vehicle towing service) on a monthly-alternating call out schedule.  (*Id.* ¶ 2).  According to Plaintiffs, municipal and Township call out services are provided to individual vehicle owners and operators on an as-needed basis, with vehicle owners and operators reserving the right to call their own towing service as long as the towing service can deliver services within a reasonable period.  (*Id.* ¶ 18).  Additionally, Plaintiffs allege that individual police officers have official discretion to make

decisions on who to call for towing services as they deem fit.  (*Id.* ¶ 19).

On July 15, 2019, Plaintiffs filed a lawsuit against Chief Naviglia and another Pennsylvania municipality, the Borough of Cheswick, in the Court of Common Pleas of Allegheny County, Pennsylvania, at Case No. GD-19-009771.  (*Id.* ¶ 20).  Plaintiffs allege that, for the period beginning January 13, 2022, through December 14, 2023, Chief Naviglia – without East Deer Township Board authority and "in retaliation" – instructed, directed, ordered, and commanded Sergeant Cummings, Officer Vacca, Officer Vanwhy, and Officer Willford to stop calling out Bastin Towing for all towing services in East Deer.  (*Id.* ¶ 28).  Plaintiffs allege that the officers complied with this order.  (*Id.* ¶¶ 29-33).

Plaintiffs further allege that, on December 14, 2023, Mr. Taliani, "in retaliation," stated at a public East Deer Board of Commissioners meeting, "There is a situation that has come up that legal counsel of the [AVR PD] has recommended that our officers have no interaction with Mr. Bastin.  ***Not because of his [Bastin Towing] service is doing nothing wrong but a legal suit he has filed with Cheswick Boro and the Chief of Police***."  (*Id.* ¶ 34 (emphasis in original)).  That same day, on a motion by two other Board Members, the East Deer Board of Commissioners unanimously voted to "approve the use of Terry's Towing for ***all accidents*** in East Deer Township."  (*Id.* ¶ 35 (emphasis in original)).  Plaintiffs allege that East Deer thus "took official action at a public meeting and with unanimous approval of the Township of East Deer Board of Commissioners, the Township of East Deer acted in retaliation against Plaintiffs . . . by terminating All Towing Services between the Township of East Dee[r] and Plaintiffs . . . without valid reason, lawful basis, valid grounds, or just cause and/or timely and proper notice."  (*Id.* ¶ 36).  Plaintiffs also allege that after such vote Chief Naviglia, as directed by Mr. Taliani, acted "in retaliation" against Plaintiffs by improperly terminating all towing services "between the Township of East

4

Dee[r]" and by improperly notifying the Allegheny County Department of Emergency Management 911 Call Center to stop call outs to Bastin Towing for East Deer.  (*Id.* ¶¶ 37, 38).

Plaintiffs' TAC contains two Counts against Defendants:  Tortious Interference with Contractual Relations (Count I); and Retaliation (Count II).  Plaintiffs' retaliation claim is based on their contention that Defendants willfully violated Plaintiffs' First Amendment rights under the United States Constitution pursuant to 42 U.S.C. § 1983, based solely on the fact that Plaintiffs had filed a lawsuit against a neighboring community and Chief Naviglia.  (*Id.* ¶ 42).  Plaintiffs' claim for tortious interference with contractual relations is brought pursuant to Pennsylvania law. (*Id.* at 6).

### III.    STANDARD OF REVIEW

#### A.  Rule 12(b)(6)

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).  While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).  Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).  Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

To review a complaint under this standard, the Court proceeds in three steps.  *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  First, the Court notes the elements of a claim.  *See id.* (citing *Iqbal*, 556 U.S. at 675).  Second, the Court eliminates conclusory allegations. *See id.* (citing *Iqbal*, 556 U.S. at 679).  And finally, the Court assumes the remaining well-pleaded facts are true and assesses "whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### B.  <u>Qualified Immunity</u>

The qualified immunity doctrine "shield[s] government officials performing discretionary functions . . . 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"

*Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not a "mere defense to liability" but rather it is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It is thus important to "resolv[e] immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). In considering a claim of qualified immunity, a court must determine both whether the plaintiff has shown a violation of a constitutional right, and whether the right was "clearly established" at the time of the alleged constitutional violation. *See id.* (discussing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

## IV.   DISCUSSION

### A.   Plaintiffs' First Amendment Retaliation Claim Brought Pursuant to 42 U.S.C. § 1983 (Count II)

Plaintiffs bring their First Amendment retaliation claim pursuant to 42 U.S.C. § 1983, which does not create any substantive rights, but rather provides a remedy for deprivations of rights created by the Constitution of the United States or federal law. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Thus, "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). As previously noted, Plaintiffs assert in their TAC at Count II that Defendants retaliated against them in violation of their rights under the First Amendment to the Constitution of the United States, and at Count I that Defendants tortiously interfered with their contractual relations under Pennsylvania law.

The Court notes initially that the TAC, despite being in its fifth iteration, is still somewhat unclear. Therefore, it is difficult for Defendants to respond to Plaintiffs' allegations, and it is

challenging for the Court to decipher and evaluate the plausibility of Plaintiffs' claims. While Plaintiffs allege two separate Counts, some of the allegations in the TAC seem to overlap and/or appear out of place in Plaintiffs' narrative, such that it is not entirely clear upon which allegations each of Plaintiffs' claims is based, nor is the nature of each claim evident. Additionally, Plaintiffs do not differentiate among the Defendants in their allegations, so both claims appear to be lodged against all Defendants, and many allegations refer to actions ostensibly taken by all Defendants, although these may or may not have been Plaintiffs' intentions in drafting their complaint.

Nevertheless, as noted above, the Court is able to discern that, at Count II, Defendants are all alleged to have violated Plaintiffs' First Amendment rights by stopping East Deer vehicle towing call outs to Bastin Towing – thus terminating a contract between East Deer and Plaintiffs – solely because Plaintiffs filed a lawsuit against a neighboring community and Chief Naviglia. Plaintiffs assert broadly in the TAC that it is unlawful to retaliate against a contractor or service provider for filing a legal action against a neighboring community, Cheswick Borough, and another party.

In *D & D Assocs., Inc. v. Board of Educ. of N. Plainfield*, the Third Circuit considered the claims of a contractor who entered into various contracts with a school board for school renovations, and then later filed a number of civil rights, contract, and tort claims against the board and its attorney, a construction management company, and an architect. *See* 552 F. App'x 110 (3d Cir. 2014). The Third Circuit explained in *D&D* that "[t]o prevail on a First Amendment retaliation claim under § 1983, 'a plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation.'" 552 F. App'x at 114 (quoting *Miller v. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010) (additional internal quotation marks and citation omitted)). The Third Circuit further

indicated that "[w]here the speaker is a government employee, that person 'must show that he or she spoke *as a citizen* on a matter of public concern.'"  *Id.* (quoting *Borough of Duryea, Pa., v. Guarnieri,* 564 U.S. 379, 386 (2011) (emphasis added)).  The Third Circuit also noted that such test, "'adjusted to weigh the government's interests as [a] contractor rather than as [an] employer,' applies to government contractors," like the plaintiff in that case.  *Id.* (quoting *Board of Cnty. Comm'rs v. Umbehr,* 518 U.S. 668, 673 (1996)).

Here, upon consideration of the allegations in the TAC, the Court finds Plaintiffs' First Amendment retaliation claim to be deficient in several respects.  First, while government contractors may allege First Amendment retaliation claims pursuant to Section 1983, Plaintiffs have not alleged a plausible contractual relationship upon which to base such a claim.  The essential elements of a contract under Pennsylvania law are that:  "(1) 'both parties have manifested an intent to be bound by the terms of the agreement,' (2) 'the terms are sufficiently definite,' and (3) there is consideration."  *Fleming Steel Co. v. Jacobs Eng'g Grp., Inc.*, 373 F. Supp. 3d 567, 582 (W.D. Pa. 2019) (quoting *Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 516 (Pa. Super. Ct. 1995)).  A parties' contract "shall be considered valid and binding if all three elements exist."  *Id.*

Here, Plaintiffs allude only to a "publicly acknowledged, long-standing contract and business agreement" (utilized for over ten years) that vehicle towing services for East Deer would alternate monthly between Bastin Towing and another vehicle towing company, without also averring facts to support such agreement being valid and binding as to any of the Defendants. (Docket No. 11, ¶ 2).  Notably, Plaintiffs have neither attached any agreement, nor have they alleged the factual details of such agreement.  For example, the TAC is lacking allegations such as who the specific parties to the agreement were, how or when specifically the agreement was

entered into, the length of time the agreement was to last, how the agreement could be terminated, how and whether the agreement could be renewed, whether the agreement had been renewed, whether the agreement was ever reduced to writing, and consideration.

Moreover, even if the Court were to assume that the TAC plausibly alleges that Plaintiffs were contractors (as Plaintiffs purport to aver), Plaintiffs' retaliation claim fails on the first prong of the First Amendment retaliation analysis, since it is not apparent from the TAC whether the speech in question (here, the lawsuit) was allegedly made by Plaintiffs in their capacity as contractors or as citizens, which is relevant in determining whether Plaintiffs have alleged speech that is constitutionally protected. *See D&D*, 552 F. App'x at 114-15. Instead, Plaintiffs simply claim that they were retaliated against for having filed a lawsuit against a different municipality and Chief Naviglia, without providing any details about the lawsuit in question. Absent any factual averments regarding such lawsuit, the Court cannot determine whether such speech involved a matter of public concern, or whether it was made in an employee (or, here, a contractor) capacity in which case it may not be protected by the First Amendment. *See id.* Because the TAC does not allege facts showing underlying constitutionally protected speech to establish the first prong of the retaliation analysis, it is unnecessary for the Court to reach the other steps of such analysis. *See id.* at 115.

Accordingly, the Court finds that Plaintiffs have failed to state a plausible claim against Defendants for First Amendment retaliation, and such claim will be dismissed without prejudice[2] pursuant to Rule 12(b)(6).

### B.  <u>Plaintiffs' Tortious Interference with Contractual Relations Claim Under Pennsylvania Law</u>

In their TAC, Plaintiffs also allege a claim of tortious interference with contractual

---

[2]     In doing so, the Court is skeptical that granting leave for amendment is not futile.

relations against Defendants.  Even if the TAC contains sufficient allegations to state a claim for that tort under Pennsylvania law (regarding which the Court expresses no opinion), the Court could only consider this claim under its supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. However, 28 U.S.C. § 1367(c) provides that district courts "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  Furthermore, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Here, the Court finds that there is nothing unique about this case such that considerations of judicial economy, convenience, and fairness provide an affirmative justification for exercising supplemental jurisdiction over Plaintiffs' state law claim if Plaintiffs' federal question claim at Count II is dismissed with prejudice.  Accordingly, in this instance, if Plaintiffs do not amend their complaint, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' state law claim and will remand Count I of the TAC to state court.

## C.  Qualified Immunity

Although the Court is dismissing Count II for failure to state a claim upon which relief can be granted, the Court will still consider the argument set forth by the individually named Police Officer Defendants, Chief Naviglia, Sergeant Cummings, and Officers Vacca, Vanwhy, and Willford (collectively, the "Officer Defendants"), that they are entitled to qualified immunity in this matter. *See Roth v. City of Hermitage*, 709 F. App'x 733, 736 (3d Cir. 2017) ("Failing to consider the qualified immunity defense before dismissing without prejudice on the merits was

error because the District Court failed to resolve a motion asserting qualified immunity . . . at the earliest possible stage in the litigation." (internal quotation marks and citation omitted)).  In addition to arguing that Plaintiffs fail to state cognizable claims against them under Rule 12(b)(6), the Officer Defendants contend that they are entitled to qualified immunity for their actions at this stage of the litigation because Plaintiffs' claims do not establish the violation of any clearly established Constitutional rights.  (Docket No. 16 at 11-12).  However, because the Officer Defendants raise this argument in a somewhat cursory way (which is understandable given the lack of clarity in the TAC), and do not fully develop the argument with citation to appropriate case law, nor has any reply brief been filed, and since Plaintiffs are being given leave to amend their claims if they wish to do so, the Court will address qualified immunity only briefly at this time.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A federal right is clearly established for qualified immunity purposes if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  Additionally, qualified immunity must be assessed in the context of each individual defendant's specific conduct, including "'an analysis of the facts adduced concerning the conduct of the official'" claiming immunity.  *Griffin-El v. Beard*, 411 F. App'x 517, 519 (3d Cir. 2011) (quoting *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990)).

A Court may find that a municipal official is entitled to qualified immunity at the motion to dismiss stage if "(1) the facts alleged show the [official's] conduct did not violate a constitutional right, or (2) the right violated was not clearly established in light of the specific context of the

case." *Taylor v. Rosa*, 856 F. App'x 376, 378 (3d Cir. 2021) (citing *Reedy v. Evanson*, 615 F.3d 197, 223–24 (3d Cir. 2010)).  Thus, "qualified immunity should only be granted on a motion to dismiss when it is 'established on the face of the complaint.'"  *Janowski v. City of North Wildwood*, 259 F. Supp. 3d 113, 126 (D.N.J. 2017) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)).

Here, the facts alleged in the TAC do not make clear that the Officer Defendants' conduct did *not* violate a constitutional right, or that such right was not clearly established.  Because the TAC does not show that the Officer Defendants' actions did not violate a clearly established constitutional right, dismissal on qualified immunity grounds is premature.  *See Thomas*, 463 F.3d at 291 (a dismissal based on qualified immunity will be upheld "only when the immunity is established on the face of the complaint" (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001))).  Additionally, in accordance with Plaintiffs' request, the Court is permitting Plaintiffs to amend their TAC if they choose to do so.  Therefore, if Plaintiffs choose to amend their complaint once more, they should provide a more definite statement of their claims, the specific right at issue here, and the role of each Officer Defendant in the conduct alleged, so that the claims against each Officer Defendant are clearly delineated and so that the qualified immunity issue may be resolved expeditiously and without "subjecting the [i]ndividual [d]efendant[s] who may be immune from suit to needless discovery and the other burdens of litigation."  *Id.* at 299-301.

Accordingly, at this juncture, the Court will decline to grant the Officer Defendants' motion to dismiss to the extent it is based on qualified immunity grounds.  *See Debrew v. Auman*, 354 F. App'x 639, 642 (3d Cir. 2009) (vacating order granting motion to dismiss certain claims on qualified immunity grounds because the sparse complaint "failed to disclose whether the defendants' actions did not violate a clearly established constitutional right" and therefore

"dismissal on qualified immunity grounds was premature" (citing *Thomas*, 463 F.3d at 291)); *see also Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (cautioning against deciding qualified immunity without a developed factual record). However, given that the Court is granting their motion to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6), the Officer Defendants are free to raise their qualified immunity argument, if appropriate, in response to a fourth amended complaint if Plaintiffs choose to re-allege claims against them.

## V.    CONCLUSION

For the reasons stated, Defendants' motions to dismiss Plaintiffs' TAC are granted. Plaintiffs' Section 1983 claim alleging First Amendment retaliation at Count II will be dismissed, without prejudice, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs will, however, be given leave to file a Fourth Amended Complaint. If Plaintiffs do not file a Fourth Amended Complaint, their claim at Count II will be dismissed with prejudice, and their state law claim for tortious interference with contractual relations at Count I will be remanded to state court.

An appropriate Order follows.


Dated:  September 5, 2025                    *s/ W. Scott Hardy*
                                            W. Scott Hardy
                                            United States District Judge

cc/ecf:  All counsel of record

14